## STATE v. ALENA B. HANEY.[1]

July 20, 1923.

No. 23,447.

**Conviction for grand larceny sustained.**

In this, a criminal action, upon a careful examination of the evidence, it is *held* that the verdict of the jury was fully justified and that there was no reversible error in the instructions of the trial court.

Defendant was indicted by the grand jury of Hennepin county charged with the crime of grand larceny in the first degree, tried in the district court for that county before Dickinson, J., and a jury which found her guilty as charged in the indictment. From an order denying her motion for a new trial, defendant appealed. Affirmed.

*Edgerton & Dohs* and *E. S. Cary*, for appellant.

*Clifford L. Hilton*, Attorney General, *Floyd B. Olson*, County Attorney, and *Arthur C. Lindholm*, Assistant County Attorney, for respondent.

[1]Reported in 194 N. W. 720.

QUINN, J.

Defendant was indicted, tried and convicted of grand larceny in the first degree, alleged to have been committed on January 4, 1921, in violation of G. S. 1913, § 8870. From an order denying her motion for a new trial, defendant appealed.

The charge in the indictment and the contention of the prosecution is that the defendant was conducting a school of Practical Christianity in the city of Minneapolis and that the complaining witness, Johanna Kildahl, became one of her pupils. That in November, 1920, the defendant took Miss Kildahl into her confidence and told her that during a recent visit to Vernon county, Missouri, she met an elderly couple and that on the mantel in their home was a portrait of their son who had been killed in the World War; that this portrait bore such a resemblance to the defendant's son, Armstrong, that she exclaimed: "Why, you have a picture of my son," to which the old people replied: "No, that is a picture of our son, who was killed in the war;" that later her son Armstrong went down there, and, without knowing anything at all about her transaction, went to the same place; that when the old mother saw him she fainted dead away because she thought it was her own son and that he had returned to her; that, as a result of the resemblance between their sons, a feeling of affection and sympathy sprang up between the old people and herself, and they, prompted by such feeling of love and sympathy, wanted to sell to defendant an exceedingly valuable oil lease on 40 acres of land, at the unusually low price of $75 per acre; that such leases were then selling at prices as high as $300 per acre; that she had obtained the offer of this lease through prayer; that she knew where she could turn the lease before the summer was over and make two or three times $75 per acre; that there had been about 30 oil wells drilled near the land, no one of which was dry, and that the lease was for the northeast quarter of the northeast quarter of section 4, township 36, range 33, Vernon county, Missouri.

The prosecution further contends that the complainant, having absolute confidence in the defendant, was induced, by such statements and representations, to purchase an interest in said lease, and, ac-

cordingly, on December 15, 1920, turned over to the defendant $1,000 in the form of two Milwaukee Electric gold bonds, and later the sum of $200 in payment on said lease; that each and all of the statements and representations so made by the defendant to the complainant were false and untrue as the defendant then well knew; that defendant was not acquainted with the owners of said 40 acres; that there was no arrangement whereby the owners thereof were to give her a lease thereon for $75 per acre; that there were not 30 oil wells near said land, and that said lease was of no value whatever.

The controlling question on this appeal is whether the proofs bring the case within the purview of the statute [G. S. 1913, § 8870], which provides that: Every person who, with intent to deprive or defraud the true owner of his property, or of the use and benefit thereof, or to appropriate the same to the use of the taker, or of any other person, shall take from the possession of the true owner, or of any other person, or obtain from such possession by color or aid of fraudulent or false representation or pretense, * * * any money, personal property, thing in action, evidence of debt, or contract, or article of value of any kind, * * * steals such property and shall be guilty of larceny.

The jury by its verdict has resolved all material questions of fact against the appellant, so this court is concerned only as to whether the evidence is such as to justify the verdict. The issues were fully and fairly submitted to the jury by the trial court.

Does the record sustain the finding that the two gold bonds and the $200 in money were obtained by the appellant from the possession of Miss Kildahl by color or aid of fraudulent or false representations or pretense? A reading of the testimony of the complainant and the appellant convinces us beyond doubt that the jury was justified in its conclusion.

The testimony of the complainant was very clear as to the story which she claims the appellant related to her of the conversation which she said she had with the elderly couple in Vernon county concerning the picture of the young man on the mantel; the bond of love and affection; the desire of those old people that appellant should have the advantage of the exceedingly valuable oil lease on

40 acres of land at the unusually low price of $75 per acre, and that she knew where the lease could be turned before the summer was over, at a profit of 2 or 3 times the amount to be paid therefor. The appellant became a witness on her own behalf, and in relation to this story testified that she was out to look over the oil wells in Vernon county with a group of other persons, that she went into a house and there saw a picture of a young man on the mantel, and said: "Well, you have got my boy down here," and the woman immediately clutched her side and seemed to have spasm of the heart. Later during the trial after the witness Layne had testified that he had had several transactions with appellant relative to oil leases, appellant testified that the elderly couple to whom she referred was George W. Layne and son, real estate men of Minneapolis who dealt in lands in Vernon county and who helped her son find a good deal down there; that she talked with both Mr. Layne and his son but that she dealt with George W. Layne.

The record shows, in effect, if the testimony be true, that Layne contracted to procure the fee to the northeast quarter of section 4, township 36, range 33, in Vernon county, for appellant at $17.50 per acre, but that on account of a defect in the title the deal fell through. Appellant does not deny but that she received the two gold bonds and $200 in money from the complainant, and that she turned the same over to Layne on another deal, nor does she claim that Miss Kildahl ever received an interest in any lease or in any land therefor. The veracity of the witness Layne was severely attacked on the trial, but under the careful instructions of the trial court the weight to be given his testimony was for the jury. Under these conditions the jury was justified in finding not only that possession of the $1,200 in bonds and money was obtained by appellant from the complainant by false and fraudulent representations, but as well, for the purpose and with the intent of appropriating the same to the use of the taker and depriving the true owner of her property, which constitutes the offense charged in the indictment.

We have not attempted to specify the many inconsistencies appearing in the testimony of the complainant and that of the appellant, but content ourselves by pointing out the above in a general

way. We are satisfied from a perusal of the entire record that the verdict is sustained by the evidence; that there was no prejudicial error in the conduct of the prosecuting attorney; that there was no error in the court's instructions and that the defendant had a fair and impartial trial.

Affirmed.